## KOHLMAN v. WRIGHT.

An application for a discharge in insolvency is a special proceeding in the nature of an action. The petition, schedule and affidavit, are the pleadings on the part of the petitioner, who is the plaintiff; and if they are sufficient to entitle him to his discharge, any irregularity or defect in form must be taken advantage of before judgment, by his creditors, who are defendants in the proceeding.

The judgment, if not reversed on appeal, is conclusive between the parties.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

The plaintiffs filed their bill for an injunction upon the defendant, Sheriff of Nevada County, enjoining him from proceeding to make a levy under an execution issued out of the Twelfth District Court, under a judgment entered against plaintiffs and in favor of Leopold King. The bill sets forth that, being in embarrassed circumstances, the plaintiffs, in February, 1855, applied for the petition for a discharge under the insolvent law, in the District Court of the district in which they resided; that accompanying their petition was a schedule of

Kohlman *v.* Wright.

their debts, losses and assets, duly verified before the clerk of the District Court; that the amount due to King was included in their schedule; that due notice to creditors was given, and no one opposing, and the requirements of the law being fully pursued, the plaintiffs obtained their discharge on April 10th, 1855, under a decree of the Court, from which no appeal was ever taken; that plaintiffs had since, by the kindness of friends, been enabled to start again in business on a new credit, and that King had caused the execution above mentioned, attested May 7th, 1856, to issue, and had placed it in defendant's hands, requiring him to satisfy it.

The defendant demurred to the bill or complaint, on the ground that it did not state facts sufficient to constitute a cause of action, in that it appeared therein, that the schedule in insolvency was sworn to before the clerk instead of the District Judge. The Court below overruled the demurrer and granted a perpetual injunction. Defendant appealed.

*Smith & Anderson* for Appellant.

*Robinson, Beatty & Botts* for Respondent.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

An application for a discharge in bankruptcy, is a special proceeding in the nature of an action, in which the applicant is plaintiff, and his creditors defendants. They may appear and contest his application, and if aggrieved by the judgment, may appeal within twelve months. (Prac. Act, § 336.) If not reversed on appeal, the judgment of the Court is conclusive as between the parties. In this cause it appears that notice was duly given to the creditors, including defendant. The petition, schedule and affidavit, are the pleadings on the part of the plaintiff, and if sufficient to entitle the applicant to his discharge, any irregularity or defect of form must be taken advantage of before judgment.

In Greenfield *v.* Steamboat C. W. Gunnell, this Court held, that the objection that the complaint was not verified, was cured by the answer. We have also held that any objections to pleadings, except the single objection that the complaint does not contain facts sufficient to constitute a cause of action, are cured by default. The irregularity complained of here, is one of the most trivial character. The affidavit seems to have been made in the words of the statute; but it is attested by the clerk, instead of the judge; if the objection had been taken before judgment, the Court might have permitted the party to correct the error; as it was not done, the defendant cannot raise the question in another proceeding.

Judgment affirmed.