## I. FRIEDLANDER *v.* GEORGE P. LOUCKS.

COLLATERAL ATTACK UPON JUDGMENT IN INSOLVENCY.—In a collateral attack upon a judgment discharging an insolvent debtor "from all his debts, whether imperfectly described or not described at all, which were contracted before the surrender of his estate," etc., no inquiry can be entertained except as to the jurisdiction of the Court.

JURISDICTIONAL FACTS IN INSOLVENT CASE.—The jurisdictional facts in proceedings to obtain an insolvent's discharge from his debts are, a petition setting forth substantially such a state of facts as will bring the case within the provisions of the statute, and due publication of the notice to the creditors.

APPEAL from the District Court, Fifteenth Judicial District, County of Contra Costa.

This was an action upon a promissory note given by the defendant to the plaintiff on the 2d day of August, 1862, for one thousand two hundred and fifty dollars. The defendant pleaded his discharge under the Insolvent Act. His petition was filed on the 26th day of December, 1862. The petition, besides the averment contained in the opinion, stated that "the schedule hereto annexed marked 'B' contains the names of his creditors, as near as he can now state them, and the amount due to each creditor, the cause and nature of said indebtedness, and when it accrued, and a statement of any

existing judgment, mortgage, collateral or other securities for the payment of any such debt." Schedule "B" contained the names of a large number of creditors, with the amounts due to each, and the date when the debts accrued. The plaintiff was not named as a creditor either in the petition or in schedule "B."

The following was the order to creditors to show cause:

"ORDER TO SHOW CAUSE AND STAY OF PROCEEDINGS.

"GEORGE P. LOUCKS ⎫
          "*v.*       ⎬
  "HIS CREDITORS.    ⎭

"Upon reading and filing the petition, schedules and oath of the above named insolvent, and on motion of J. Franklin Williams, of counsel for said petitioner, it is ordered that all the creditors of the said insolvent George P. Loucks be and appear before the Hon. Thomas A. Brown aforesaid, Judge of the County Court of the County of Contra Costa, in open Court, at the Court room of said Court in the said County of Contra Costa, on the fourth day of February, A. D. 1863, at ten o'clock A. M. of that day, then and there to show cause, if any they can, why the prayer of said insolvent should not be granted, and an assignment of his estate be made, and he be discharged from his debts and liabilities, in pursuance of the statute in such case made and provided.

"And it is further ordered, that in the meantime all proceedings against said insolvent be stayed.

"And it is further ordered, that the Clerk of this Court issue a notice, calling the creditors to appear at the time and place and for the purposes aforesaid, that such notice be published at least once a week for four successive weeks, in a newspaper published in the county aforesaid, if there be one; if there be none, then in a newspaper printed nearest to that county.

                    "THOMAS A. BROWN,
          "County Judge of Contra Costa County.
Indorsed: "Filed December 27th, 1862."

The following was the notice to creditors as published:

## " INSOLVENCY NOTICE.

" In the County Court of the State of California in and for the County of Contra Costa.

" Pursuant to the order of the Hon. Thomas A. Brown, Judge of said County Court, notice is hereby given to all the creditors of the said insolvent, George P. Loucks, to be and appear before the Hon. Thomas A. Brown, Judge as aforesaid, in open Court, at the Court room of said. Court in the County of Contra Costa, on the 4th day of February, A. D. 1863, at ten o'clock A. M. of that day, then and there to show cause, if any they can, why the prayer of said insolvent should not be granted, and an assignment of his estate be made, and he be discharged from his debts and liabilities, in pursuance of the statute in such case made and provided, and in the meantime all proceedings against said insolvent be stayed."

The judgment discharged the petitioner from " all his debts and liabilities, whether imperfectly described or not described at all." There was no opposition to the proceedings or to the discharge. When the defendant offered the proceedings in insolvency in evidence, the plaintiff objected to the same because " it did not appear from the petition of the insolvent that the County Court acquired jurisdiction to make a decree discharging the insolvent from debts not described or named in the schedule, or to discharge the insolvent from debts due to creditors whose names were not stated or mentioned or set forth in the schedule; and also upon the ground that neither the order to show cause nor the notice published by the Clerk in the insolvency proceeding were sufficient to give the County Court jurisdiction of either the subject matter or of the persons of the creditors, to warrant or authorize a decree in the insolvency proceeding discharging the insolvent from debts not named or mentioned or in any manner described in the schedule, or from

debts due to creditors not named or mentioned in the schedule; and also on the ground that the decree of discharge does not release the defendant, or discharge him from the debt due to plaintiff—the plaintiff not having been named in any of the insolvency proceedings as one of the defendant's creditors; and also upon the ground that the insolvency proceeding did not authorize the discharge of the insolvent from the debt due plaintiff on the promissory note set forth in the complaint."

The Court overruled the plaintiff's objections, and admitted the papers in evidence. The plaintiff excepted. The Court gave judgment for the defendant, and the plaintiff appealed from the judgment and from an order denying a new trial.

*Thomas A. Brown,* for Appellant.

Under the statute for the relief of insolvent debtors, and for the protection of creditors, passed May 4th, 1862, an insolvent debtor cannot be discharged from debts due to creditors who are not named in his schedule, and whose debt is not mentioned in the insolvency proceeding. The twenty-fourth section of the statute as amended April 27th, 1860, (Hittell's Laws, Art. 3,833) provides that the release and discharge authorized should not apply to debts and liabilities not mentioned and set forth in the schedule, unless the insolvent shall declare in his petition that it is his desire to be discharged from all his debts and liabilities, and that he has described them according to the best of his knowledge and recollection; in which case the discharge and release authorized by this section shall embrace all his debts and liabilities, notwithstanding they may have been imperfectly described, or not described at all.

The names of the creditors of the insolvent must be stated if known, and the only statement in this petition in relation to the names of creditors is, that schedule " B " contains the names of his creditors *as near as he can now state them.*

The insolvent did not state in his petition whether he had other creditors who were unknown or known, but that the names given were as near as he could then state them. This, the appellant submits, is not in compliance with the statute.

In the case at bar, the schedule does not state that the defendant was ignorant of the name of the owner of the notes. If the petitioner did not know the name of the owner, that fact should have been stated in the schedule. The statute requires a positive statement in the petition, that the petitioner has described all his debts according to the best of his knowledge and recollection. The petition does not state the fact in the form of an averment or positive statement, but, by way of recital or argument, says : " That it is his desire to be discharged from all debts and liabilities, whether imperfectly described or not described at all, inasmuch as he has truly herein described them according to the best of his knowledge and recollection."

The notice published, requiring the creditors of the insolvent to be and appear before the County Court on the 4th of February, 1863, to show cause why the prayer of the insolvent should not be granted, was insufficient, and did not confer on the Court jurisdiction of the persons of creditors who were not named in the schedule, or of the subject matter of debts not described therein. The notice to creditors is in the nature of and takes the place of a summons in other cases, the mode of service being by publication. (*Bennett* v. *His Creditors*, 22 Cal. 41.) The notice should have stated that the petitioner desired to be discharged from all his debts, whether described perfectly or imperfectly, or not described at all, and the creditors, whose debts were not named or described in the schedule, were not notified that the insolvent intended to ask for or obtain a decree discharging him from these debts.

*M. S. Chase*, for Respondent.

"It is clear that the Court acquires its power to act by the filing of the petition, or at most by the petition and notice." (*Brewster* v. *Ludekins*, 19 Cal. 171; *Bennett* v. *His Creditors*, 22 Cal. 42.) The Insolvent Act, neither before nor since the amendment thereof, in 1860, in providing for the prerequisites, and declaring the effects of a discharge, (as it does by the twenty-fourth section,) ever required as condition precedent or matter jurisdictional, that the name of a creditor should be given, or that the fact be stated if his name were unknown.

Names of creditors may have been purposely omitted; in such case they may base an opposition to the discharge. They may have been omitted inadvertently. But in either case, if not objected to, or if objected to and not supplied by amendment, and yet no appeal taken on that ground, the decree merges both omission and objection, and stands final and conclusive between the parties, unassailable by either, unless through bill, by direct attack.

The Act does not require a positive statement of the petitioner, that it "is his desire to be discharged from all his debts and liabilities," etc. Anything in the petition by which it shall be made manifest that such is the petitioner's desire, is sufficient.

By the Court, SHAFTER, J. :

It is insisted that the discharge of the defendant in insolvency is null and void as to the plaintiff's note, for the reason that the note was not described in the schedule of debts, nor was the plaintiff named as a creditor therein. The defendant's proceedings in insolvency were under the Insolvency Act of 1850, as amended in 1860. By the amendment to the twenty-fourth section, it was provided that, "the release and discharge provided for in this section shall not apply to debts and liabilities not mentioned and set forth

in the schedule, unless the insolvent shall declare in his petition that it is his desire to be discharged from all his debts and liabilities, and that he has described them according to the best of his knowledge and recollection; in which case, the discharge and release authorized by the section shall embrace all his debts and liabilities, notwithstanding they may have been imperfectly described or not described at all." (Acts of 1860, p. 284.) In this collateral attack upon the judgment discharging the petitioner "from all his debts, whether imperfectly described, or not described at all, which were contracted before the surrender of his estate," etc., no inquiry can be entertained, except as to the jurisdiction of the Court. (*Kohlman* v. *Wright*, 6 Cal. 230.) The jurisdictional facts are, first: a petition setting forth substantially such a state of facts as will bring the case within the provisions of the statute and show that the petitioner is entitled to the relief therein provided for; and second, due publication of notice to creditors. (*Brewster* v. *Ludekins*, 19 Cal. 162; *Bennett* v. *His Creditors*, 22 Cal. 40.) The petition of Loucks, in insolvency, in the particulars wherein it is claimed to be defective, adopts the very language of the twenty-fourth section, as amended in 1860, and contains an averment, not a mere recital, as the appellant's counsel assumes, that the petitioner "has described all his debts to the best of his knowledge and recollection," and that he "has given, in schedule 'B,' the names of his creditors, as near as he can now state them."

The order for the appearance of creditors, the order of notice and the publication thereof, are free, in our judgment, from jurisdictional or other defects. The notice is to all creditors, without distinction, to appear and show cause why the prayer of the petitioner should not be granted and the petitioner be discharged from his debts and liabilities, without exception. The plaintiff's debt was within the scope of the petition, by averments couched in statute language, and the plaintiff, as such creditor, was before the Court through

a notice as comprehensive, and at the same time as explicit, as the language of the petition.

The questions made here, relate to movements within the jurisdiction rather than the jurisdiction itself, and if available anywhere should have been raised in the proceeding itself.

Judgment affirmed.

Mr. Justice RHODES expressed no opinion.