[No. 9863. Department One.—September 25, 1885.]

# D. H. ARNOLD, ASSIGNEE, ETC., OF JOHN LAWSON, AN INSOLVENT, RESPONDENT, v. JACOB KAHN, APPELLANT.

INVOLUNTARY INSOLVENCY — EFFECT OF ADJUDICATION. — An adjudication of a debtor to be an involuntary insolvent is a decree *in rem* as regards the status of the debtor.

ID. — ORDER TO SHOW CAUSE — SERVICE BY PUBLICATION — RIGHTS OF ASSIGNEE. — The notice to the debtor required by section 10 of the Act of 1880, to show cause why he should not be adjudged an involuntary insolvent, may be served on him by publication with the same effect, so far as the rights of the assignee are concerned, as if a personal service had been made.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order refusing a new trial.

The facts are stated in the opinion.

*John T. Harrington,* for Appellant.

The court in the insolvency proceedings did not acquire jurisdiction over the person of the debtor by the publication of the order to show cause. (*Pennoyer* v. *Neff,* 95 U. S. 714; *Webster* v. *Reid,* 11 How. 437.)

*Jackson Hatch,* for Respondent.

Proceedings in involuntary insolvency are *in rem;* and an adjudication of insolvency founded upon a service by publication is valid. (Freeman on Judgments, § 606; *Michaels* v. *Post,* 21 Wall. 398; *Shawhan* v. *Wherritt,* 7 How. 643; *Pennoyer* v. *Neff,* 95 U. S. 723; *Cooper* v. *Reynolds,* 10 Wall. 308.)

FOOTE, C. — Action by an assignee to recover from a purchaser the value of goods bought from an involuntary insolvent previous to adjudication as such, the sale being in violation of the provisions of the Act of 1880.

The only point made or relied on by the appellant in his brief is that service of notice to show cause made upon the insolvent by publication, was insufficient in law to uphold an adjudication of involuntary insolvency.

He insists that in such a case personal service was necessary, and in his brief virtually concedes that all the proceedings

were regular, and according to the requirements of that act, but claims they were not *in rem*, and that the adjudication of the status of the insolvent was *in personam* and void, and the contention of the plaintiff in this action without legal support.

We understand the proceedings such as were had against Lawson to have for their object the fixing of his status as an insolvent, and the reaching of his property as such, and its distribution ratably among his creditors.

The law under examination is similar to the late bankrupt law of the United States, and it has been declared by the federal judicial tribunals that "a decree adjudging a debtor to be a bankrupt is in the nature of a decree *in rem* as respects the status of the party." (*Michaels* v. *Post*, 21 Wall. 398.)

In *Pennoyer* v. *Neff*, 95 U. S. 723, the Supreme Court of the United States, while affirming personal service to be necessary in that case, distinctly stated that the principle there contended for did not affect cases "where the object of the action is to reach and dispose of property in the State," and said "such service," meaning that by publication, "may answer in all proceedings which are substantially *in rem*." And this ruling has been followed by this court in *Belcher* v. *Chambers*, 53 Cal. 639.

An adjudication of a debtor to be an involuntary insolvent is like a decree of the same nature under the bankrupt law above mentioned, and may properly be considered as *in rem* as regards the status of such debtor; and publication of the notice required by section 10, Act of 1880, is sufficient.

The debtor's status being thus legally fixed, the right to recover and distribute his property and rights in action, etc., accrues to the assignee, and he may prosecute actions against and have recovery from parties under said act in the same manner as if personal service prior to the order adjudicating his status had been had on the debtor.

There is no error shown by the record, and the judgment and order denying a new trial should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion the judgment and order are affirmed.