[No. 9254.   Department One. — December 19, 1885.]

In the Matter of WILLIAM F. SMITH, an Insolvent.   JOHN McCOMBE, Appellant, *v.* WILLIAM F. SMITH, Respondent.

Insolvency — Discharge of Debtor — Bankruptcy. — An insolvent who has been refused a discharge from his debts in a proceeding in bankruptcy in the United States District Court cannot afterwards be discharged from the same debts under the state Insolvent Act of 1880.

Id. — Prior Benefit of Insolvent Act. — A voluntary insolvent cannot be discharged of his debts, under the act of 1880, if he has received the benefit of that or any other act of insolvency or bankruptcy within three years next preceding his application for a discharge.

Appeal from a judgment of the Superior Court of the city and county of San Francisco granting an insolvent debtor a final discharge from his debts.

Proceeding in voluntary insolvency. The appeal was taken by one of the creditors of the insolvent. The further facts are stated in the opinion of the court.

*Williams & Bixler*, for Appellant.

*H. G. Platt, G. F. Gordon*, and *E. B. Young*, for Respondent.

Ross, J. — That the judgment of the court below granting the petitioner a discharge from his debts is erroneous is clear. The debts from which he sought to be discharged by the proceedings in the court below, which were had under the state Insolvency Act of 1880, were incurred and were existing prior to August 30, 1878. On that day this petitioner filed a petition in the District

Court of the United States in and for the district of California, praying to be adjudged a bankrupt pursuant to the provisions of the then Bankrupt Act of the United States, and to be discharged from his debts provable thereunder; and such proceedings were had that on the thirty-first day of August, 1878, the petitioner was duly adjudged a bankrupt by the said District Court, and subsequently an assignee of his estate duly appointed, to whom all the property of the bankrupt was duly assigned. In due course of proceedings, the petitioner filed a petition for certificate of final discharge, which, coming on regularly to be heard, was by the court denied, and judgment entered accordingly. It is well settled that the jurisdiction acquired by the United States District Court in the matter is exclusive. The judgment appealed from purports to discharge petitioner from debts from which the United States Court, having jurisdiction of the matter, refused to discharge him. It is clear that the state Insolvency Act affords no warrant for such a judgment, nor, indeed, for any of the proceedings on the part of the petitioner. One of the provisions of that act is that the petitioner shall surrender his property, books, etc., for the benefit of his creditors. But petitioner took his property to another forum, and comes here to be discharged from his debts. Besides, the Insolvent Act of 1880 in terms provides that no discharge shall be granted if the debtor, "in case of voluntary insolvency, has received the benefits of this or any other act of insolvency or bankruptcy within three years next preceding his application for discharge."

Judgment reversed, and cause remanded with directions to the court below to dismiss the proceedings.

McKEE, J., and McKINSTRY, J., concurred.