[Sac. No. 191.   Department One.—December 8, 1896.]

## In re S. N. MARSH, an Insolvent Debtor.

Insolvency — Application for Discharge — Contest — Prior Illegal Proceeding.—Under a voluntary petition in insolvency showing indebtedness of the insolvent largely in excess of three hundred dollars, his application for a discharge cannot be successfully contested by a creditor on the ground that the insolvent had had the benefits of the act within three years next preceding the application; where it appears that the only prior petition in legal effect did not show the existence of debts amounting to three hundred dollars, and was, therefore, self-destructive, the court having no jurisdiction to entertain it, and that an application for discharge therein was contested by the same creditor, and denied on the ground that the insolvent did not owe debts amounting to three hundred dollars, and was not entitled to be discharged or to receive the benefits of the act.

Id.—Note without Consideration—Insufficient Indebtedness—Want of Jurisdiction.—Schedules accompanying a petition in insolvency, which state the amount of indebtedness at two thousand three hundred and eighteen dollars, but include in that amount a note for two thousand two hundred dollars, which is stated to be without consideration, show, in legal effect, that such note was no valid contract, and hence no debt, and that the indebtedness of the insolvent was less than the sum of three hundred dollars, and that the court had no jurisdiction to entertain the petition.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. E. W. RISLEY, Judge.

The facts are stated in the opinion.

*A. M. Drew*, and *M. K. Harris*, for Appellant.

The insolvent did not have the benefits of the Insolvent Act, within the meaning of said act, in his former application. (Insolvent Act, 1880, sec. 49; Webster's International Dictionary; The Standard Dictionary; Abbott's Law Dictionary; Webster's Dictionary, tit. "Benefit"; *Synod of Dakota* v. *State*, 2 S. Dak. 366; *Ex parte Hutchings*, L. R. 4 Q. B. Div. 90; *Savile* v. *Earl of Scarborough*, 1 Swanst. 537; *Hewitt* v. *Wilcox*, 1 Met. 155; *Weir* v. *St. Paul etc. R. R. Co.*, 18 Minn. 155; *Matter of Fourth Avenue*, 3 Wend. 452; Mills on Eminent Domain, par. 152; *Roberts* v. *Board of Commrs.*, 21 Kan. 247; Randall on Eminent Domain, par. 267; *National Bank* v. *Smith*, 43 Conn. 327; *In re Palmer*, 3 Hurl. & N. 26.)

*Frank H. Short*, and *J. W. Taggart*, for Respondent.

The proceedings on the former application are a bar to these proceedings. (*In re Smith*, 68 Cal. 203; *In re Cohn*, 55 Cal. 195.)

BRITT, C.—April 22, 1893, Marsh filed in the superior court a petition in insolvency under the Insolvent Act of 1880. In the accompanying schedules his debts were estimated at $2,318, including the sum of $2,200 on a promissory note to one J. A. Bell, for which note it was stated there was no consideration. A formal adjudication of insolvency was entered, and, after the expiration of three months following, Marsh applied for a discharge from his debts. Said Bell contested the application, and, on July 14, 1894, after trial of the contest, the court rendered judgment declaring

that, on said April 22, 1893, Marsh did not owe debts amounting to three hundred dollars, and was not entitled to be discharged, or to receive the benefits of the act. Afterward, on October 9, 1894, Marsh began the present proceeding by filing a new petition in insolvency, showing liabilities amounting to $3,104; thereupon he was adjudged insolvent, and on January 11, 1895, he again made application to be discharged from his debts. Bell again contested his right to the same; this time on the ground that in the proceeding first instituted, Marsh had had the benefit of the Insolvent Act within the meaning of the provision of section 49 thereof—that no discharge shall be granted if the debtor has received the benefits of any acts of insolvency within three years next preceding his application for discharge. The court made findings sustaining this view, and gave judgment denying the discharge, and subsequently denied a motion for new trial.

At first blush it seems odd that if a debtor's discharge in insolvency is denied on the ground that he was not, when he filed his petition, entitled to receive the benefits of the act, yet in a subsequent proceeding his discharge may be again defeated because in the first he had enjoyed such benefits. And this impression is not effaced on fuller consideration of the facts here. Under the act of 1880 (section 2), no one whose debts did not exceed the sum of three hundred dollars could invoke the action of the court for his relief. Marsh's first petition was, therefore, self-destructive. (See *Friedlander* v. *Loucks*, 34 Cal. 24; *In re Fowler*, 1 Low. 162.) To say that there was no consideration for his promissory note to Bell, was to say that it was no valid contract, and hence, no debt. The court had no jurisdiction to entertain his petition, and he, of course, could receive no legal benefits from proceedings based thereon. In this, the case differs wholly from *In re Smith*, 68 Cal. 203, relied on by respondent; no question existed there as to any jurisdictional infirmity in the prior proceedings taken by the insolvent.

The judgment and order appealed from should be reversed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

HARRISON, J., VAN FLEET, J., McFARLAND, J.