[Sac. No. 4760. In Bank.—July 21, 1934.]

HAPPY VALLEY WATER COMPANY (a Corporation), Respondent, v. WM. M. THORNTON et al., Appellants.

HAPPY VALLEY WATER COMPANY (a Corporation), Respondent, v. FIDELITY SAVINGS AND LOAN ASSOCIATION (a Corporation) et al., Appellants.

326

Jesse W. Carter, R. Lee Chamberlain, Arthur F. Coe and Philip Grey Smith for Appellants.

L. C. Smith for Respondent.

PRESTON, J.—The above causes were consolidated for trial and the appeal is from the single judgment therein which forecloses liens upon certain parcels of real property for water charges for certain calendar years and grants personal judgments against the owners for so much of the charges as arose during their respective periods of ownership

of said property. The questions urged on appeal are common to all of the actions and all of the defendants; hence details as to the respective interests are not necessary to this decision. The following statement of facts shows the origin of the litigation:

On and for some years prior to June 27, 1925, Happy Valley Irrigation District was a duly organized and existing public corporation located entirely within Shasta County and having, at all times involved herein, a large bonded debt. Early in 1925 it occurred to the electors and property owners of said district that conditions were such that a dissolution under the Act of 1903 (Stats. 1903, p. 3) was in order. This act has for its title the following: "An act to provide for the dissolution of irrigation districts, the ascertainment and discharge of their indebtedness, and the distribution of their property."

Accordingly, on the twenty-eighth day of February, 1925, a majority of the electors petitioned the board of directors to invoke said statute. The bondholders, acting in conjunction with said board, devised a plan of dissolution substantially as follows: That the bondholders would take over all the assets and property of the district; that a charge of $60 per acre against first and second grade land of the district be levied, without interest, and made a lien thereon, to be amortized in thirty years at the rate of $2 per acre per annum and used to liquidate the existing obligations of said district; and that, to this end, a water corporation should be organized by the bondholders to hold said property and collect said indebtedness; that said corporation should be capitalized at 795,000 shares of class A stock and 395,000 shares of class B stock, all of a par value of $1 per share; that said bondholders should take class A stock dollar for dollar and cancel the outstanding indebtedness against said district; that said stock should then be retired from time to time as the $60 per acre charges were paid by the land owners; that class B stock was to be divided as nearly equally as possible between the bondholders and the land owners.

At this juncture it is necessary to note particularly the further provision of this plan, which was that, as a necessary ingredient thereof, the land owners were to have dedicated to their lands from said water company, a water right

consisting of a minimum of 25 miner's inches of water per acre per annum, for which they were to pay 20 cents per miner's inch, consonant with a decision of the railroad commission of California rendered March 30, 1916. This plan was duly submitted to the electors of the district and was by them adopted without a dissenting vote. Following the election of the board of directors, said district forthwith invoked the further provision of said Act of 1903 by petitioning the Superior Court of the County of Shasta for a decree validating and confirming the proceedings theretofore had for the dissolution of said district and for ascertainment and settlement of its indebtedness and for the distribution of its property. This decree was duly entered, although certain questions as to its validity will be hereafter referred to. So far as here material, it provided as follows:

"3. That the proceedings for the dissolution and reorganization of the Happy Valley Irrigation District are valid and conform to the provisions of the laws of the State of California. . . .

"4. That the plan for Dissolution and Reorganization of said Happy Valley Irrigation District is fair, just and equitable and is valid and conforms to the provisions of the laws of the State of California. . . .

"13. That the Happy Valley Water Company has been organized as a water company under the provisions of the act hereinabove mentioned, and in accordance with said plan to take over and operate the irrigation works of the Happy Valley Irrigation District, and the distribution system and for the sale and distribution of water to the landowners within said district, and in accordance with the plan, the landowners have agreed to take and pay for a minimum of twenty-five (25) miner's inches of water per acre per year (1.24 acre feet), for all land taking water or under cultivation for irrigation within said district, and said Happy Valley Water Company is entitled to collect and receive therefor water rates of twenty cents (20c) per miner's inch, for each twenty-four hours during irrigation season as fixed and established by the Railroad Commission in its decision No. 3212 of March 30, 1916."

The present consolidated action is to enforce a lien for these water charges for certain subsequent years against certain lands formerly in the district and also to secure

personal judgments against owners of such lands for the respective delinquent years of their ownership thereof. Plaintiff had full relief in the court below both for foreclosure of the liens for these charges and for the personal judgments in the manner and to the extent prayed for. The defendant land owners appealed. The assignments of error made by them are as follows: "I. That the Dissolution Act of 1903 gave the court no authority to make a decree imposing a charge against person or property for water to be delivered subsequent to the date of the decree of dissolution. II. That the court acquired no jurisdiction of the land, in order to make such a decree. III. That the court acquired no jurisdiction of the person of the defendants."

We shall consider these assignments in the order named.

■ The argument first is that under the title of the act above quoted, the decree establishing the water right and the validation of the water rate and the fixing of a lien for such charge is not within the scope of the title of said act. This, appellants say, is particularly true as to the charges for the ensuing years which followed the entry of said decree.

We can see nothing illegal about the contract between the bondholders and the land owners, nor can we see why the title of the act does not embrace the matters complained of as logical details of the dissolution and readjustment plan. They seem clearly to be logical attributes of the general plan of dissolution and settlement contemplated by the act. "When the general purpose of the act is declared, the details provided for the accomplishment of that purpose will be regarded as necessary incidents." (*Ex parte Liddell*, 93 Cal. 633, 637 [29 Pac. 251, 252].)

■ But even if this were not true, it does not seem to us that under the record the question is really vital. The issue more properly is that of the validity of such an agreement between bondholders and land owners. The decree was deemed advantageous at the time to all parties concerned, including appellants or their predecessors. It was supported by mutual covenants and, therefore, rests upon sufficient consideration. We can see nothing illegal about it and were there no decree, under the proceedings of dissolution covering this point, we would nevertheless be con-

strained to hold, upon the record before us, that the charges made were proper and the result of either express or implied contract between the parties and binding either upon express consent or by acquiescence.

It is next contended that the court acquired no jurisdiction of the land in order to make such a decree. This is predicated upon the alleged insufficiency of the notice provided for in the act. The act, which was literally complied with, requires that dissolution proceedings be initiated by a majority in number of the land owners, as well as a majority in value of the lands in the district, by means of a petition to the board of directors of the district summarizing the financial condition of the district as well as giving a survey of its assets. A plan of dissolution based upon the consent of creditors of the district, including a plan to settle with nonconsenting creditors, must be inaugurated and then be by the board of directors submitted to a vote of the district, upon due notice, both by posting and by publication. If the dissolution plan carries, the law then provides for the obtaining of a decree of confirmation and validation of the proceedings. Such a proceeding is *in rem* and notice is conveyed by publication for a period of thirty days in a designated newspaper, which notice should describe the proceeding and authorize an appearance in opposition thereto by any interested party. It is true that the form and contents of the notice are meagerly described in the statute but in view of the knowledge of all parties gained from the preceding steps required in the proceeding, said notice is ample and gives to the court jurisdiction to bind all persons interested. This proceeding is similar to those sustained in earlier provisions of acts in aid of irrigation district development, such as *Crall* v. *Poso Irr. Dist.*, 87 Cal. 140 [26 Pac. 797], and *Board of Directors* v. *Tregea*, 88 Cal. 334 [26 Pac. 237]. For a general discussion of the subject of service of process in *in rem* proceedings, see *Estate of Davis*, 136 Cal. 590 [69 Pac. 412], *Title etc. Restoration Co.* v. *Kerrigan*, 150 Cal.. 289 [88 Pac. 356, 119 Am. St. Rep. 199, 8 L. R. A. (N. S.) 682], and *State* v. *Security Savings Bank*, 186 Cal. 419 [199 Pac. 791].

It is next contended that the court acquired no jurisdiction of the person of the appellants. We think this ground too is untenable. The fact is that without pro-

test these land owners allowed these charges to stand against their lands. Bills were rendered to them quarterly and were not repudiated or disputed by any of them at any time. It therefore seems clear that an implied agreement or promise to pay these charges arose at least for the period such appellants were in possession of the lands. It seems also clear on the face of this proceeding that the plaintiff is a public utility and water rights have become dedicated to these lands and that in order to maintain these rights charges should be imposed upon such lands for the privilege of using water thereon; and if said rates were objectionable or confiscatory, it would have been in order for these property owners to seek relief from the railroad commission of the state of California. This decree would not render the commission powerless to change the rates where the facts justified such action.

The attacks made here are purely collateral and, as above noted, we find no merit in any of them.

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.