ISRAEL PACKER, TRADING AS I. PACKER & COMPANY, PLAINTIFF-APPELLEE, v. JOHN LEHNER, FIRST NAME JOHN BEING FICTITIOUS, TRUE NAME BEING UNKNOWN, DEFENDANT-APPELLANT.

Submitted May 17, 1935—Decided July 25, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Allan M. Kobalkin* (*Sidney Alexander*, of counsel).

For the appellee, *Harry Kampelman* (*Sigmond Unger*, of counsel).

The opinion of the court was delivered by

PERSKIE, J.   Does the "Act concerning general assignments, Revision one thousand eight hundred and ninety-nine" (1 *Comp. Stat.* 1709-1910, *p.* 113, as amended by chapter 243, *Pamph. L.* 1928, *p.* 410), operate for the discharge of the debtor from future liability to a creditor who has come in under the assignment and claimed to participate in the distribution of the proceeds of the assigned property?

The stated question arises out of these stipulated facts. Plaintiff below sued the defendant below for $539.98 (waiving the excess of $500) on a book account for merchandise

sold and delivered by him to the defendant between August 24th, 1931, and December 30th, 1931. In pursuance of an endorsement on the summons and complaint that defendant file specification of defenses to the suit (*Pamph. L.* 1910, *ch.* 281; 61 B, District Court act, 2 *Comp. Stat.* 1709-1910, *p.* 1971), defendant pleaded (1) that he filed an assignment with the clerk of Passaic county in accordance with the provisions of the act; that plaintiff participated in that proceeding by filing a proof of claim, with the assignee, for the indebtedness upon which this suit is based, and (2) that the assignee obtained a discharge from the Passaic County Orphans Court and that therefore, he, defendant, was discharged from the payment of this indebtedness.

On the return day of the suit counsel for the plaintiff moved to strike the specification of defenses on the grounds that they were legally insufficient and frivolous and therefore judgment should be entered for the plaintiff.

It further appears by concession of counsel for the respective parties, that the assignment was made subsequent to the date that the instant cause of action arose against the defendant; that plaintiff received no dividend on his claim because there were no funds in the hands of the assignee to pay general creditors; and that the assignee had been discharged of his trust.

The trial judge, pointing out that section 22 of the act of 1899, *supra* (the sole section thereof relating to discharge), was repealed by the act of 1928, *supra,* concluded that there was nothing in the act as now constituted which operates to discharge a debtor, and accordingly granted the plaintiff's motion and entered judgment in his favor and against the defendant in the sum of $500.

In support of appellant's contention we are told that it is of no moment that the plaintiff did not receive any dividend or that the assignment was made subsequent to the date when the cause of action arose against the assignor. Defendant's insistment is that plaintiff's presentation of his claim was a coming in for a dividend to the extent of binding him by the assignment (*Vanderveer* v. *Conover,* 16 *N. J. L.* 487); that

the performance of all of the provisions of the act by the defendant, and the discharge of the assignee of his trust, operated, under the act, to discharge him of his indebtedness to the plaintiff.

We think that appellant's contentions are untenable. Whatever may have been the original intention or design of the act, it clearly does not now so operate and if it did it would be unconstitutional.

No case directly in point, in our state, is brought to our attention. With us it is a subject of first impression.

A review of the legislation in question and the adjudications of substantially like legislation by the courts of our sister states and the Supreme Court of the United States will throw some light on the subject.

Section 2 of the act of 1899, *supra,* treats of the method to effect a valid assignment, &c., and concludes as follows:

"* * * in case such assignor shall willfully violate any of the provisions of this section, the said general assignment shall not thereby be rendered invalid or be excluded from the operation of this act, but in such case such assignor shall remain liable to his creditors for any remaining indebtedness after distribution by the assignee, and shall not receive any of the benefits hereinafter provided for assignors in the twenty-second section of this act."

Section 22 of the same act (identical with section 14 of the act of 1846, entitled "An act to secure to creditors an equal and just division of the estate of debtors who convey to assignees for the benefit of creditors"), was as follows:

"Creditors Not Exhibiting Claims. Nothing in this act shall be taken or understood as discharging said assignor from liability to his creditors, who may not choose to exhibit their claims, either in regard to the persons of such assignor or to any estate, real or personal, not assigned as aforesaid, but with respect to the creditors who shall come in under said general assignment and exhibit their demands as aforesaid for a dividend they shall be wholly barred from having afterwards any action or suit at law or equity against such assignor or his representatives; unless on the trial of such

action, or hearing in equity, the said creditor shall prove fraud in the said assignor with respect to the said general assignment or concealing his estate, real or personal whether in possession, held in trust or otherwise."

The aforesaid section was specifically repealed by chapter 243. *Pamph. L.* 1928, *p.* 410.

As far back as 1883 the Supreme Court of the United States, in construing section 14 of the act of 1846, *supra,* held it "to be inoperative in so far as it provided for the discharge of the debtor from future liability to creditors who came in under the assignment and claimed to participate in the distribution of the proceeds of the assigned property." *Boese* v. *King,* 108 *U. S.* 379; 27 *L. Ed.* 760; 2 *Sup. Ct. Rep.* 765; *Stellwagen* v. *Clum,* 245 *U. S.* 605; 62 *L. Ed.* 507; 38 *Sup. Ct. Rep.* 215; *In re Smith,* 68 *Cal.* 203; 8 *Pac. Rep.* 881; *Patty-Joiner & E. Co.* v. *Cummins,* 93 *Tex.* 598; 57 *S. W. Rep.* 566; *In re Tarnowski,* 191 *Wis.* 279; 210 *N. W. Rep.* 836; 49 *A. L. R.* 691. And power cannot be conferred by state legislation upon state courts to discharge debtors during the existence of the Federal Bankruptcy act. *In re Tarnowski, supra.*

In the last cited case it was said:

"* * * A voluntary assignment for the benefit of creditors is a personal right inherent in the ownership of property. Such a right existed at common law independent of statute. The statutes do not confer the right, but statutes in this country have been enacted for the purpose of regulating the administration of the estate for the benefit of creditors. The discharge of the bankrupt from his debts constitutes the very essence of a bankrupt law. While the administration of the estate of the bankrupt and the distribution of the proceeds thereof *pro rata* among his creditors is a usual, if not a necessary, incident of a bankrupt law, the discharge of the debtor from his debts is no part of an assignment law. The winding up and a fair and equal distribution of the estate of insolvent debtors may arise in various ways, but where such a proceeding does not result in the discharge of the insolvent debtor statutes regulating such a proceeding do not

conflict in any manner with the bankruptcy law, and it has been squarely held by the Supreme Court of the United States that such laws are not superseded by the national Bankruptcy act. * * * *Mayer* v. *Hellman,* 91 *U. S.* 496; 23 *L. Ed.* 377; *Stellwagen* v. *Clum,* 245 *U. S.* 605; 62 *L. Ed.* 507; 38 *Sup. Ct. Rep.* 215; *Binder* v. *McDonald, supra.* * * *

"In this case Tarnowski made a voluntary assignment for the benefit of his creditors. In order for the creditors to have the benefit of the assignment, it was necessary for them to file and prove up their claims. This by reason of the statutory provisions regulating voluntary assignments. As the voluntary assignment was for the benefit of creditors, and as each creditor was entitled to his *pro rata* share of the estate, a creditor incurs no penalties or forfeitures by complying with the statutory regulations necessary to enable him to acquire his *pro rata* share, except such penalties and forfeitures as are prescribed by the regulations themselves. As the statute providing for a discharge of the debtor is no part of the regulations governing voluntary assignments for the benefit of creditors, it follows that the appellant did not waive its right to object to the discharge of the debtor by filing its claim or accepting its *pro rata* share of the proceeds of the estate."

For a very replete discussion and copious citation of authorities on the lack of power on the part of states to legislate bankruptcies, or to interfere with or complement the Bankruptcy act, or to provide additional or auxiliary regulations see *International Shoe Co.* v. *Pinkus,* 278 *U. S.* 261; 73 *L. Ed.* 318.

But a state statute regulating voluntary assignments for the benefit of creditors and providing that where an assignment has been made or attempted no creditor shall by attachment, garnishment, or otherwise, obtain priority over other creditors upon such assignment being for any reason adjudged void, an assignment under which does not have the effect of instituting proceedings contemplating the discharge of the assignor from his debts, is not superseded by the Federal Bankruptcy act. *Pobreslo* v. *Boyd Co.,* 287 *U. S.* 517; 77

*L. Ed.* 469. In that case (at *p.* 473), Mr. Justice Butler, speaking of a Wisconsin statute, said:

"* * * On the other hand the Wisconsin law merely governs the administration of trusts created by deeds like that in question which do not differ substantially from those arising under common law assignments for the benefit of creditors. The substantive rights under such assignments depend upon contract; the legislation merely governs the execution of the trusts on which the property is conveyed. And as proceedings under any such assignment may be terminated upon petition of creditors filed within the time and in the manner prescribed by the federal act (*George M. West Co.* v. *Lea Bros.,* 174 *U. S.* 590; 43 *L. Ed.* 1098; 19 *S. Ct.* 836; 2 *Am. Bankr. Rep.* 463), it is apparent that congress intended that such voluntary assignments, unless so put aside, should be regarded as not inconsistent with the purposes of the federal act. *Mayer* v. *Hellman,* 91 *U. S.* 496, 501; 23 *L. Ed.* 377, 378; *Boese* v. *King,* 108 *U. S.* 379, 385, 387; 27 *L. Ed.* 760, 762, 763; 2 *S. Ct.* 765; *Stellwagen* v. *Clum,* 245 *U. S.* 605, 615; 62 *L. Ed.* 507, 511; 38 *S. Ct.* 215; 41 *Am. Bankr. Rep.* 1; *Straton* v. *New,* 283 *U. S.* 318, 327; 75 *L. Ed.* 1060, 1098; 51 *S. Ct.* 465. * * *."

And in the case of *Johnson* v. *Star,* 287 *U. S.* 527; 77 *L. Ed.* 473, Mr. Justice Butler, relying on the case of *Pobreslo* v. *Boyd Co., supra,* held that a state statute regulating voluntary assignments for the benefit of creditors, under which the assignor stands discharged from all further liability to consenting creditors who shall receive as much as one third of the amounts allowed in their favor, and non-assenting creditors take nothing but may garnishee any excess remaining after full payment of consenting creditors and the expenses of executing the assignment, is not superseded by the Federal Bankruptcy act, and therefore precludes (except as to any excess) garnishment of the assignee by a non-assenting creditor.

The test, therefore, seems to be, does the statute set up insolvency laws for the purpose of discharging a debtor or does it merely regulate assignments? If it be the former it

is inoperative; if it be the latter it is operative. Obviously the contention urged by appellant would render the act inoperative.

Under the act, plaintiff, of course, had the right, if he chose to exercise it, of filing his claim with the assignee to get his *pro rata* share, if any, of the assigned property. He did not, by the exercise of that right and in the absence of a binding agreement to the contrary, incur any penalty or forfeiture which would operate as a waiver of his right to sue the assignor notwithstanding that the latter had fully performed all of the provisions of the act and that the assignee was discharged of his trust. The trial judge correctly held that the defendant was not discharged of his indebtedness to the plaintiff.

This was not a common law assignment. It was an assignment made in pursuance of statute. But even under the common law, in the absence of a valid agreement to the contrary, the indebtedness of the assignor was discharged only to the extent of actual payment out of the proceeds of the assigned property. *Pillsbury* v. *Kingon,* 33 *N. J. Eq.* 287, 294. See, also, section 468, page 1282; section 480, page 1286; section 516, page 1302 of 5 *C. J.*

Judgment is affirmed.