## F. M. TULL v. EDMUND ROYSTON.

SIDEWALK TAX, *Grantor Not Liable For*. Where a deed executed on September 17, 1881, warranted the lots therein described to be free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, assessments, taxes, liens and incumbrances of what kind or nature soever, the maker of the deed is not liable upon the covenants of warranty for a sidewalk tax or assessment authorized by an ordinance of a city of the third class, adopted September 13, 1881, as such tax or assessment was not due or payable until November 1, 1881, and was therefore no lien or incumbrance upon the property until that date.

### *Error from Harper District Court.*

AT the March Term, 1883, defendant *Royston* had judgment against plaintiff *Tull*, who brings it here for review. The nature of the action, and the facts, appear in the opinion.

*I. P. Campbell*, for plaintiff in error.

*S. S. Sisson*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: The plaintiff purchased of the defendant lot 6 and the west half of lot 5, in block 37, in the city of Harper, in this state, and on the 17th day of September, 1881, the defendant and his wife executed to the plaintiff a deed therefor, "warranting the property to be free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, assessments, taxes, liens and incumbrances of what nature or kind soever." Some time prior thereto, the city of Harper had by ordinance directed that the owner of said property should build a sidewalk in front of and adjoining the same, and that it should be built on or before July 15, 1881; that on the failure of the owner of the property to build the sidewalk within the time limited, and according to the requirements of the ordinance, the city of Harper would

build the same and charge up against the lots the cost thereof; that the defendant was the owner of the property at the time the ordinance was passed, and continued to own the same until the execution of the deed of September 17, 1881; that the defendant failed and refused to build the sidewalk or any part thereof; that after July 15, 1881, and prior to September 13, 1881, the city of Harper built the sidewalk, at a cost of sixty-one dollars and fifty cents; that on September 13, 1881, the city of Harper adopted an ordinance levying a tax and assessment on said property in the sum of $61.50, in payment of the sidewalk; that the plaintiff, after purchasing the property, paid the said sum of $61.50, and was obliged so to do in order to give a good title to other parties to whom he sold the property.

Upon these facts, the trial court found as a conclusion of law that the plaintiff was not entitled to recover on the covenants in his deed, and rendered judgment against him.

Sec. 85, ch. 107, Comp. Laws of 1879, reads:

"All taxes shall be due on the first day of November of each year. A lien for all taxes shall attach to the real property subject to the same on the first day of November in the year in which such tax is levied, and such lien shall continue until such taxes and penalty, charges and interest which may have accrued thereon shall be paid by the owner of the property, or other person liable to pay the same."

Sec. 86 of the same chapter reads:

"As between the grantor and grantee of any land, where there is no express agreement as to which shall pay the taxes that may be assessed thereon, if such land is conveyed between the first day of March and the first day of November, then the grantee shall pay the same; but if conveyed between the first day of November and the first day of March, then the grantor shall pay them."

The plaintiff claims that these provisions of the statute are not applicable for the taxes or assessment for the sidewalk, because he alleges that such special assessments are not technically taxes; and further, as the covenants of warranty in the deed embraced assessments, incumbrances and liens, the

sidewalk was included as an assessment, an incumbrance, or lien, prior to the execution of the deed. Although the ordinance requiring or authorizing the assessment of a tax to pay for the sidewalk was adopted on September 13, 1881, and the publication thereof completed on the 15th following, yet such tax or assessment was not due until the 1st day of November, 1881. All sidewalk taxes, in cities of the third class, must be certified by the officers thereof, to the county clerk, so that he may place them on the county tax-roll for collection; and while such taxes or assessments should be certified on or before August 25th, of each year, the county clerk is not compelled to deliver the tax-roll to the county treasurer until the 1st day of November, and on such day the taxes and assessments become a lien on real estate. Therefore the tax or assessment to pay for the sidewalk was not a lien or incumbrance on the property purchased by the plaintiff until after the execution of his deed. (Comp. Laws 1879, p. 194, § 43; id., p. 956, § 85; *Railroad Co. v. Jaques*, 20 Kas. 639; *Sloan v. Beebe*, 24 id. 343.)

While special assessments for improvements in cities are not taxes within § 1, art. 2 of the constitution, yet we must construe them to be included in the word "taxes," in §§ 85 and 86 of ch. 107, Comp. Laws of 1879. In construing these sections the intention of the law maker must control, and this intention is to be ascertained from all that is expressed in the statute, rather than from the technical significance of the word "assessment." Sec. 43, ch. 19*a*, Comp. Laws of 1879, relating to cities of the third class, favors this construction. It reads :

"All taxes and assessments levied under authority of this act shall be certified to the county clerk of the proper county to be placed on the tax roll for collection, subject to the same penalties and collected in like manner as other taxes are by law collectible."

As there were no charges, assessments or taxes due and unpaid upon the lots described in the deed at the time of its execution; and as there was no express contract between the

plaintiff and defendant for the payment of any charges, assessments or taxes for the year 1881; and as the parties contracted with reference to the statute which all were bound to know, the plaintiff was not entitled to any recovery. The judgment of the district court must therefore be affirmed.

VALENTINE, J., concurring.

BREWER, J., dissenting.