93   630
98   208

[No. 20838.   In Bank. — March 17, 1892.]

## THE PEOPLE, APPELLANT, *v.* WALTER TURNBULL, RESPONDENT.

CRIMINAL LAW — OFFERING BRIBE — CONSTRUCTION OF PENAL CODE — PUBLIC CORPORATIONS — IRRIGATION DISTRICT — DEFECTIVE INDICTMENT. — Section 165 of the Penal Code, providing for the punishment of any one offering a bribe to any member of a common council, board of supervisors, or board of trustees of any county, city, or corporation, with intent to corruptly influence such member in his action, etc., applies only to public and *quasi* public corporations; and an indictment under that section, charging a defendant with having offered a bribe to a member of the board of directors of a corporation, known as the Alta Irrigation District, but which fails to allege that such corporation is either a public or *quasi* public corporation, or that it was organized under the Wright Act, is fatally defective.

ID. — TRUSTEES OF CORPORATION — DIRECTORS OF IRRIGATION DISTRICT. — The term "trustee" of a corporation, used in section 165 of the Penal Code, is to be understood in its widest and broadest sense, and to include the "directors" of an irrigation district organized under the Wright Act.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion of the court.

*Attorney-General Hart,* and *Deputy Attorney-General Layson,* for Appellant.

*Brown & Daggett,* and *George A. Knight,* for Respondent.

The COURT. — This is an appeal by the people from a judgment sustaining a demurrer to an indictment. The

indictment is based upon an alleged violation of section 165 of the Penal Code, which reads as follows: —

" Sec. 165.    Every person who gives or offers a bribe to any member of any common council, board of supervisors, or board of trustees of any county, city, or corporation, with intent to corruptly influence such member in his action on any matter or subject pending before the body of which he is a member, . . . . is punishable by imprisonment in the state prison for a term not less than one nor more than fourteen years, and is disqualified from holding any office in this state."

The defendant, by the indictment, is charged with offering a bribe " to one E. E. Giddings, a member of the board of directors of a corporation, to wit, Alta Irrigation District, with intent to corruptly influence," etc. It is insisted that the words " member of a board of trustees of a corporation " are not broad enough to include a member of a board of directors of a corporation.

Section 4 of the Penal Code reads: —

" Sec. 4.    The rule of the common law, that penal statutes are to be strictly construed, has no application to this code.    All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."

Section 958 of the Penal Code is as follows: —

" Sec. 958.    Words used in a statute to define a public offense need not be strictly pursued in the indictment or information, but other words conveying the same meaning may be used."

Construed in the light of the foregoing provisions of the statute, it necessarily follows that in the use of the word "trustee," in said section the legislature intended that it should be applied in it widest and broadest sense. In *Farmers' Bank* v. *Downey,* 53 Cal. 468, 31 Am Rep. 62, it was decided that the directors of a corporation were its trustees, and the decision is supported by abundant authority.    It is insisted that the word " corporation," as used in the section, has no reference to private corporations, but refers solely to public and *quasi* public corpo-

rations. If such be the fact, the indictment is fatally defective, for there is nothing alleged to indicate that the Alta Irrigation District is even a *quasi* public corporation. An irrigation district organized under the Wright Act is a public corporation ( *Crall* v. *Poso Irrigation District,* 87 Cal. 145); but there is nothing in this accusation to indicate that the Alta Irrigation District was organized under the Wright Act. While this court will take judicial notice of the Wright Act, and that a corporation organized under its provisions would be a public corporation, there are no such allegations. There is nothing in the indictment to contradict the fact that the Alta Irrigation District may have been a purely private corporation, created under and controlled by the general corporation laws of the state. We have nothing here but its name, and the name of a corporation is not always a true index of its objects and purposes. It follows that the indictment does not charge the Alta Irrigation District to be a public corporation, and it is therefore subject to a demurrer, for it is quite clear that the section of the Penal Code defining the offense relied upon by the prosecution was not intended to include private corporations. The chapter of the code including this section treats of " offenses against public justice," and the section itself, taken as a whole, leads to the conclusion that it is only applicable to public and *quasi* public corporations.

Let the judgment be affirmed.

Harrison, J., took no part in the foregoing decision.

Hearing in Bank denied.