## Board of Commissioners of Pulaski County
### *v.* Vurpillat.

[No. 2,735.   Filed May 24, 1899.]

County Treasurer.—*Compensation.—Ditch Assessment.*—A county treasurer who collects ditch assessments placed upon the tax duplicate to be collected as other taxes are collected, is entitled, under section 5928, R. S. 1881, to the compensation allowed by law therefor, not as fees, but according to statute, as "further compensation" for his labor in collecting the same.   *pp. 424-426.*

Same.—*Collection of Taxes.—Failure to Deduct Per Centum.—Remedy.*—Where a county treasurer fails to charge the per centum due him for the collection of taxes, and pays over the money without deducting the per centum rightfully due him, his remedy is to file his claim with the board of county commissioners.   *pp. 426, 427.*

From the Pulaski Circuit Court.   *Affirmed.*

*John C. Nye,* for appellant.
*Frank J. Vurpillat,* for appellee.

Henley, J.—In May, 1896, the appellee filed with the commissioners of Pulaski county his claim for fees for the collection of certain taxes by him collected while treasurer

Board, etc., *v.* Vurpillat.

of Pulaski county. The claim was disallowed, and appellee appealed to the circuit court of said county. In the circuit court the appellee, in response to a motion to make his claim or complaint more specific, filed a specific bill of particulars. The cause was tried by the court. Both parties to the action requested the court to find specially the facts, and state its conclusions of law thereon. The special finding of facts was as follows: "The court having been requested by the parties to make a special finding of facts, and to state thereon conclusions of law, in writing, after a trial of the cause, now being sufficiently advised, finds the facts to be as follows: (1) That the plaintiff or claimant, Joseph D. Vurpillat, was the duly elected, qualified, and acting treasurer of Pulaski county, State of Indiana, during all of the time from the 1st day of September, 1892, to the 7th day of September, 1893, inclusive; (2), that during the years 1891, 1892, and 1893 there was placed upon the tax duplicates of said Pulaski county by the auditor of said county for collection, as other taxes are collected, a large amount of taxes known as ditch taxes, the same having been duly and legally assessed in the location and construction of certain public ditches and drains in said county, and in repairs thereon, by and under proceedings instituted under laws of the State of Indiana, empowering boards of county commissioners to locate and establish public ditches and drains; (3) that the amount of said ditch taxes so placed upon, and appearing upon, the said tax duplicates was twenty-seven thousand four hundred and twenty-four and 40-100 dollars ($27,424.40); (4) that between the 1st day of September, 1892, and the 7th day of September, 1893, the plaintiff, as such county treasurer, collected all of said taxes as other taxes are collected, and gave receipts to the persons paying the same, and paid over the moneys so collected, as provided by law; (5) that of the amount of taxes named above, $4,332.10 was collected by the plaintiff, as such county treasurer, as current tax before the same became delinquent; and $23,092.30

thereof became delinquent on said tax duplicates, and was collected by plaintiff as such treasurer after the same became delinquent; (6) that the total amount of all the taxes on said tax duplicates for each of the years, 1891, 1892, and 1893, was less than $100,000, and that the plaintiff, as such treasurer, in his settlement with the auditor and board of commissioners of said Pulaski county, did not retain or receive the fee of one per centum upon the ditch taxes above mentioned and collected by him as current taxes, and did not retain or receive the fee of six per centum upon the ditch taxes mentioned and collected by him after the same became delinquent, but said plaintiff was only allowed the fees of one and six per centum, respectively, upon the total amounts of current and delinquent taxes upon said tax duplicates, less said ditch taxes; that said plaintiff has not retained any fees for the collection of said ditch taxes, and has not received or been allowed any fees for the collection thereof; (7) the court further finds that, if the plaintiff is entitled to collect and receive a fee of one per centum on the current ditch tax, and a fee of six per centum on the delinquent ditch tax, so placed upon the tax duplicates and collected by him as other taxes were collected, there is now due said plaintiff $1,428.85, as follows: For collecting current ditch tax 1 per cent. on $4,332.10, $43.32; for collecting delinquent ditch tax 6 per cent. on $23,092.30, $1,385.52; (8) the court further finds that this plaintiff filed and presented before the board of commissioners of said Pulaski county, Indiana, his claim for the above named fees in the sum of $1,428.85, May——, 1896." On the facts so found the court stated its conclusions of law to be that appellee is entitled to recover from appellant for collecting the current ditch tax one per cent. upon $4,332.10, and six per cent. upon $23,092.30, the delinquent ditch tax, being in all due appellee the sum of $1,428.85, for which amount judgment was rendered in appellee's favor.

The errors assigned by appellant bring before the court

for decision the sufficiency of the complaint, and whether or not the lower court erred in the conclusions of law upon the facts found.    The facts found are in accordance with the allegations of the complaint, so that both assignments of error present practically the same question.    The action is based upon section 5928 R. S. 1881, which section, so far as it is applicable here, is as follows: "County Treasurers shall also charge and receive, as a further compensation, at the rate of one per centum on the first one hundred thousand dollars of taxes by them collected, and on all sums collected in excess thereof, one-half of one per cent.    They shall also receive and retain out of all delinquent taxes collected, six per centum when paid voluntarily and without levy, and six per centum if paid after levy."

As will be seen by the special finding of facts, the court found that during the years 1891, 1892, and 1893, a large amount of taxes known as ditch taxes was placed upon the tax duplicates of said Pulaski county, to be collected as other taxes are collected, and the appellee between the 1st day of September, 1892, and the 7th day of September, 1893, as the treasurer of said county collected all of said taxes, and receipted to the persons paying the same, and paid over the money so collected according to law.    The ditches and drains mentioned in the special finding were established under the act of 1881, beginning with section 4285 R. S. 1881.    It is provided in said act that all the assessments levied for the location, construction, and repair of such public ditches and drains shall be placed upon the tax duplicate by the auditor, and collected by the treasurer "as other taxes are collected." See sections 4300, 4305 R. S. 1881.    Section 5927 R. S. 1881, provides that the treasurer of each county shall receive the sum of $800 per annum.    The next section provides that he shall receive a certain per cent. of all taxes collected.    He receives this, not as fees, but according to the statute, as "further compensation."    In view of these statutes directing as they do that drainage assessments shall be

placed upon the tax duplicate by the auditor, and imposing upon the treasurer the duty of collecting them as other taxes are collected, that the said treasurer, as a part of his compensation shall receive a per cent. on all taxes by him collected, it seems that a plain, reasonable construction of the statutes would give to the treasurer his per cent. upon ditch taxes, as well as upon any other class of taxes, the per cent. being to compensate the officer for his labor in collecting the taxes.

In the case of *Beatty* v. *Pruden, Trustee,* 13 Ind. App. 507, this court said: "By being placed upon the tax duplicate, the claim becomes a lien on the property of the landowner to the same extent as any other lien for taxes, and may be collected by the same process. It was not necessary for the legislature to declare in express terms that the claim shall be a lien upon the property of the owner the same as taxes are liens upon such property. Assessments for such improvements are themselves a species of taxation, and that they are so recognized by the law making power in this instance is manifested by the expression 'as other taxes.' The extension of the claim upon the tax duplicate, like other taxes, places it in the same category with these and creates a lien upon the owners' property the same as if the claim were the result of a state, county or township tax levy."

In the case of *Cullen* v. *Strauz,* 124 Ind. 340, the Supreme Court held that ditch assessments placed upon a tax duplicate became delinquent if not paid when the state and county taxes were paid, and that a valid tax sale may be based upon delinquent ditch taxes alone.

In the case of *Manor* v. *Board, etc.,* 137 Ind. 367, the Supreme Court held that a county treasurer is entitled to his per centum, under section 5928 R. S. 1881, for the collection of gravel road assessments which are placed upon the tax duplicate and collected as other taxes are collected. McCabe, C. J., after quoting the section of the statute last referred to says: "The fair and reasonable interpretation of the section

is that the treasurer is entitled to retain his per centum out of the taxes collected." It has also been directly held by the Supreme Court of this State, that where a county treasurer fails to charge the per centum due him for the collection of taxes, and pays over the money without deducting the per centum rightfully due him, his remedy is to file his claim for such unpaid per centum with the board of county commissioners. *Board, etc., v. Benson,* 83 Ind. 469. We find no error in the record. Judgment affirmed.