## THE MAYOR AND COUNCIL OF HAGERSTOWN *vs.* HARRY K. STARTZMAN.

*Municipal Corporations—Compensation of Collector of Taxes—Commissions on Paving Assessments—Parol Evidence Not Admissible in the Construction of a Municipal Resolution.*

At the time of the appointment of the Collector of City Taxes in Hagerstown, a resolution of the Council provided that his commissions should be five per cent on all taxes collected by him. Subsequently, ordinances were passed for the paving of certain streets, by which two-thirds of the cost thereof was assessed upon abutting owners, and it was provided that these assessments should be collected as other city taxes are. *Held,* that the collector is entitled to a commission of five per cent on the paving assessments collected by him, since such assessments are imposed under the taxing power and made collectible as other city taxes.

Where a municipality passed a resolution fixing the compensation of the Collector of Taxes at five per cent on the amount collected, no parol evidence is admissible to show that it was not the intention of the members of the Council, who voted for the resolution, to include paving assessments in the basis on which the percentage was to be calculated.

Appeal from the Circuit Court for Washington County (STAKE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*J. Augustine Mason*, for the appellant.

*Wm. J. Witzenbacher* (with whom was *A. C. Strite* on the brief), for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

The collector appointed by the municipality of Hagerstown to collect city taxes sued the Mayor and Council to recover compensation for services rendered by him in collecting the several amounts assessed upon the owners of lots abutting on certain streets which were paved by direction of the city au-

thorities, these amounts having been assessed to pay two-thirds of the cost of that paving. The collector, who is the appellee, was appointed in April, eighteen hundred and ninety-seven, for the term of one year. The charter of the city provides that his compensation shall be fixed at the date of his appointment; and accordingly at that time a resolution was adopted fixing his commissions at "*five per cent on all taxss collected*" by him. This resolution was passed *before* the municipal taxes were levied for the year eighteen hundred and ninety-seven, and *before* the ordinances were enacted which prescribed that the paving just alluded to should be done. Under some of these ordinances one-third of the cost of paving some of the streets, less deductions which are not material, was levied upon the persons whose property abutted on the east side of the streets; one-third was levied upon the persons whose property abutted on the west side, and one-third was directed to be paid by the city. Under other ordinances one-third of the cost of paving 'different streets "together with three per cent thereon for costs and expenses" was levied on the persons whose property abutted on the east side of the streets; one-third, together with three per cent for costs and expenses, was levied on the persons whose property abutted on the west side and one-third was charged to the city. Under some of these ordinances it is provided that these paving costs "thus assessed" are "to be collected as *other city taxes* are collected;" whilst by the other ordinances it is declared that "the said tax collector shall  *  *  *  proceed in all respects as he does in cases where persons or property are assessed for benefits for opening, closing, widening or straightening any street, lane or alley." Now, the ordinances first mentioned—those which direct these street assessments "to be collected as *other city taxes* are collected"—accord strictly in this requirement with *secs. 182A and 182B* of the *Act of 1892, ch. 123*, amending the city charter and giving specifically to the municipality authority to provide that these "assessments" may be collected "as other city taxes are collected." Under the other ordinances precisely the same

method of collecting is prescribed, because by *sec. 188 of ch. 58, Acts of 1894*, also a part of the charter, it is enacted that " the tax collector shall collect such benefits as *other taxes* are collected." These street-paving assessments, amounting to $9,145.00, were collected by the appellee and he claims for his services in making these collections a commission of five per cent. On the part of the Mayor and Council it is insisted that the resolution fixing his compensation as collector at five per cent on all taxes collected by the appellee does not include five per cent on these street-paving assessments and that, therefore, he is not entitled to any compensation for collecting them. The question which the record presents is, whether five per cent on the ordinary municipal taxes is all the compensation to which the collector is entitled, no matter how large an amount of street-paving assessments he may collect in addition ; or whether, on the other hand, he is, under the terms of the resolution which fixed his commissions at the time of his appointment, authorized to charge and entitled to receive a like per centage on street-paving assessments collected by him. If the contention of the city be correct then the collector would be bound under the charter and ordinances to collect street-paving assessments without compensation even though the aggregate of them largely exceeded the amount of the ordinary municipal taxes. Of course, if this is the meaning of the resolution which fixed the appellee's compensation he has no ground of complaint ; or, at least, he has no cause of action against the city. So it comes to the inquiry, what is the meaning of the resolution ? Upon what basis is the five per cent commission to be calculated ?

. The argument advanced by the city briefly stated is this : The collector is entitled to five per cent commissions on all taxes collected by him. These street-paving assessments are not taxes ; therefore, he is not entitled to five per cent commissions on them. In a sense it is true that these street-paving assessments are not taxes within the ordinary and usual meaning of the term ; and this has often been decided. Thus in *Mayor, &c., of Baltimore* v. *Greenmount Cemetery Co.,* 7 Md.

517, where the company was exempted by statute from the payment of " any taxes or public imposition whatever," it was held that the exemption did not include a street-paving assessment. So, too, in *Brooks* v. *Mayor, &c., of Baltimore*, 48 Md. 269; *Gould* v. *Mayor, &c., of Baltimore*, 58 Md. 46 ; s. c., 59 Md. 378. But all these cases related to *exemptions* from taxation and the universal and unvarying rule in the construction of statutes giving such an exemption has always been that these grants of that privilege must be strictly and rigidly construed against the individuals who claim that there has been a surrender of the taxing power, so as to restrict the immunity within the narrowest limits. · As a consequence where there has been no specific exemption from a liability to pay paving assessments they have not been regarded as included in an exemption from taxation. Whilst this is so, it is conceded that these street-paving assessments are imposed under the taxing power. · As said in the case last cited : " The right to make such assessments is undoubtedly an exercise of the *taxing power*, but an assessment thus made differs from a general tax levied for State and city purposes." The exercise of the taxing power is involved when an assessment is made by which a tax of any sort is imposed ; and hence the imposition of such an assessment as a street-paving assessment is in some sense the imposition of a tax. As a conclusion always follows the weaker premise, and as the minor premise of the syllogism we are discussing is faulty in this, that it erroneously assumes that in *no* sense are these paving assessments taxes ; the conclusion cannot be free from precisely the same error. But the question before us does not involve in any way an exemption from taxation and, therefore, does not require that the word "taxes" should receive the narrow interpretation given to it under the circumstances which existed in the cases alluded to. It is because the argument we are considering assumes the opposite doctrine, namely, that the word taxes *always* and *under all conditions* means only taxes levied for State or municipal purposes, that it is fallacious and untenable.

. It will be noticed that these street-paving assessments are distinctly required to be collected "as *other* city taxes are collected." They are thus declared to be taxes. They are imposed under the taxing power, and by the terms of the charter they are described as city taxes. The phrase "as *other* city taxes" necessarily means that these *are* city taxes or the word "other" would have been omitted. Since they are to be collected as "*other* city taxes are collected," they must be collected by the City Tax Collector; and since the resolution fixing his salary allows him five per cent on *all* taxes collected by him, it would seem to follow that he is entitled to five per cent on these collections also. Other city taxes were collected by him for a commission of five per cent and as these assessments were to be collected as *other* city taxes, not only were they collectible by the same process and by the same person, but upon the same terms, if the contract between the city and the collector did not alter those terms or prescribe some different rate.

This identical question was passed on by the Appellate Court of Indiana in the case of *Board of Coms. of Pulaski Co.* v. *Vurpillat,* 22 Ind. App. 422 ; s. c. 53 North East. Rep. 1049. Under the Indiana *Revised Statutes of 1881, sec. 5928,* authorizing a county treasurer, in that State, to receive "as a further compensation," in addition to a fixed salary, a certain *per centum* on taxes collected by him, it was held that ditch taxes collected under *sec. 4285* were included, because by the last-named section and others following it and relating to the location and construction of drains and ditches, these ditch taxes or assessments were required to be placed by the auditor on the tax duplicate, and the county treasurer was directed to collect them "as *other taxes* are collected." In the course of the judgment the Court said : "In view of these statutes, directing as they do, that drainage assessments shall be placed upon the tax duplicate by the auditor, and imposing upon the treasurer the duty of collecting them as other taxes are collected; that the said treasurer, as a part of his compensation, shall receive a per cent on all taxes by him collected—it seems that a plain,

reasonable construction of the statutes would give to the treas-urer his per cent upon ditch taxes as well as upon any other class of taxes ; the per cent being to compensate the officer for his labor in collecting the taxes." In *Beatty* v. *Pruden,* 13 Ind. App. 507, it was held that : "Assessments for such im-provements are themselves a species of taxation, and that they are so recognized by the lawmaking power in this instance is manifested by the expression 'as other taxes.' The extension of the claim upon the tax duplicate, like other taxes, places it in the same category with these, and makes a lien upon the owner's property the same as if the claim was the result of a State, county or township levy."

In holding that the appellee is entitled to commissions on these paving assessments collected by him, we are not to be understood as questioning or departing from any prior deci-sions of this Court wherein it has been determined that these special paving assessments and kindred ones are not to be treated as taxes within the meaning of that term when em-ployed in statutes exempting particular individuals or corpo-rations from taxation. We mean merely to hold that these assessments being imposed under the taxing power and being made collectible as other city taxes are collected, must be treated as part of the basis upon which the collector's com-missions are to be computed, unless specific provision to the contrary is made in the ordinance or resolution fixing his com-pensation. The collector's bond is answerable for the proper disbursement of these assessments after they have been col-lected by him. He is required to perform the same labor in collecting them that he is subjected to in making other collec-tions upon which he is confessedly entitled to commissions ; and it might well happen that the aggregate of these special assessments would exceed in some years the total of the usual and ordinary municipal tax. It can scarcely be sup-posed, in such circumstances, that he must assume this addi-tional responsibility, perform this superadded labor largely in excess of that for which he is compensated, and yet that he is to receive no remuneration whatever therefor. If, by includ-

ing in the basis these assessments, the sum total of his com-
missions reaches an amount which may be considered exorb-
itant, it is within the power of the city authorities to limit the
aggregate allowed to him by distinctly providing a smaller
commission on the whole sum collected, or by fixing a differ-
ent and lower commission on these special assessments. Their
failure to do so in this instance can afford no ground for
denying to the appellee the compensation now claimed by
him, even though the amount he may receive is more than
the City Council supposed it would be when they settled the
rate of his commissions.

These observations dispose of the prayers set out in the
*eleventh* bill of exceptions, and show that the trial Court was
right in granting the plaintiff's prayer and in rejecting the four
offered by the defendant.

The other questions raised by the remaining bills of excep-
tion, save the *first* and *sixth*, relate to the admissibility of evi-
dence. The *sixth* exception has been abandoned and is not
in the record. The *first* was reserved to the ruling of the
Court in admitting as evidence chapter eleven of the Code of
Ordinances of Hagerstown. Chapter eleven relates to paving
streets, and some of its sections prescribe the duty of the Tax
Collector with respect to the collection of street-paving assess-
ments. It was consequently admissible in evidence. The
remaining eight bills of exception will be considered together.
The *ninth* has not been signed and is therefore not before us,
but it raises precisely the same question as the others do.
The city sought to show that it was not the intention of the
members of the council, who voted to adopt the resolution
which fixed five per cent commission as the collector's com-
pensation, to include these paving assessments in the basis on
which that percentage was to be calculated. This was clearly
not competent. The resolution was in writing and speaks for
itself. It was not permissible to show what was in the mind
of the persons who voted for it. If that were allowed it
would permit those who adopted the resolution to supplement
it by parol, and then to interpret it. Its interpretation is for

the Court. What the City Council has *said* by the resolution and not what some of the members *thought* when they voted for it, is to be considered. The rulings excepted to excluded this proffered evidence and for the reason just given those rulings were right.

What has been said in disposing of the prayers which present the main question in the case will serve to indicate that there was no error committed in overruling the demurrer interposed to the declaration.

As the judgment was in favor of the plaintiff, the appellee, for the compensation which he claimed for making these paving collections, and as he was, in our view, entitled to five per cent for those services, the judgment will be affirmed.

> *Judgment affirmed with costs above and below.*

(Decided June 13th, 1901.)