Cunningham, Presiding Judge.
On or about August 7, 1907, plaintiff in error, as defendant below, conveyed by warranty deed to defendant in error, plaintiff below, certain lands in Otero County. The instrument of conveyance contained no *377 express agreement, nor was there any agreement, as to whether grantor or grantee should pay taxes that might be assessed upon the land conveyed for the year 1907. The land in question was situated in an irrigation district organized, presumably, under the statutes of our state, which were adopted first in 1901, and re-adopted, with certain amendments, in 1905. This act will be found at page 910 et seq., Eevised Statutes 1908, and in Mills’ Annotated Statutes, revised edition, 1912, at page 1728 et seq. Section 5703, E. S. 1908, provides that:
“As between the grantor and grantee, where there is in the instrument of conveyance no express agreement as to which shall pay the taxes that may be assessed on the land conveyed, if such conveyance' has been made between the 31st day of December and the 1st day of the ■next July, then the grantee shall pay the tax for the year in which the conveyance is made, but if the conveyance is made between the 30th day of June and the 1st day of the next January, then tire grantor shall pay the taxes for the year in which the conveyance is made. ’ ’
It will be seen from the date of the conveyance involved in the case before us that it was made at a time and under circumstances which made the grantor liable, under the statute, for such taxes as had been assessed on the land for the year 1907, and contemplated by section 5703.
1. There had been assessed on the land conveyed, certain irrigation district taxes. These the grantor refused to pay, and plaintiff, after permitting the land to be sold for the taxes, redeemed the same from the tax sale and brought suit to recover the irrigation district tax. By their pleadings, their stipulation of facts upon which the case was tried, and in their brief, counsel have limited this court strictly to the consideration of but one question, viz: Does section 5703, supra, apply to irrigation district taxes? The record shows that the instru *378 ment of conveyance was a warranty deed, but the deed is not set up in the pleadings, nor was it introduced in evidence, and we have no information as to the nature and character of its covenants, other than that it is denominated in the record as a warranty deed, but under the scope of our inquiry, limited as above stated, the covenants of the warranty deed are not important.
Neither counsel for plaintiff nor defendant in error have directed our attention to any case of a similar character, or to any authority directly in point, and we have been able, after vigilant search, to find but one, viz., Tull v. Royston, 30 Kans., 617, 2 Pac., 866. Kansas has a statute very similar to our section 5703, and like our section, it is found in the General Revenue Law, or as the act is termed in the Kansas statute, “An Act to Provide for the Assessment and Collection of Taxes.” In Tull v. Royston, supra, in considering the question here before us, Chief Justice Horton expressly ruled that their statute, similar to our 5703 and governing the • liability, as to taxes, of the grantor and grantee, applied to taxes levied by a city or town for sidewalk improvements. At p. 868, Judge Horton says:
“While special assessments for improvements in cities are not taxes within sec. 1, art. 2 of the constitution, yet we must construe them to be included in the word taxes in sec. 86, p. 107, Laws 1879” — being the section that corresponds to our 5703.
The Kansas court, in construing its statute governing the liability for taxes as between grantor and grantee said, in the Tull case, supra:
“In construing these sections, the intention of the lawmaker must control, and this intention is to be ascertained from all that is expressed in the statute, rather than from the technical significance of the word ‘assessments.’ Section 43c, 19a, Comp. Laws 1879, relating to cities of the third class, favors this construction [mean *379 ing the construction holding the conveyance statute applicable to sidewalk or improvement taxes] which reads: ‘All taxes and assessments levied under authority of. this act shall be placed on the tax roll for collection, subject to the same penalties and collected as other taxes are by law collectible.’ ”
. Thus it will be seen that the Kansas court considered the fact that the legislature of that state, by making the general machinery, for the collection of taxes applicable to the town improvement tax, thereby indicated their intention or purpose of making no distinction as between improvement and general taxes, in so far as the conveyance statute is concerned. With equal,-if not greater, reason,we may rely upon sec. 3461, R. S., of our irrigation act, which reads as follows:
“The revenue laws of this state for the assessment, levying and collection of taxes on real estate for county purposes, except as herein modified, shall be applicable for the purposes of this act, including the enforcement of penalties and forfeitures for delinquent taxes.”
2. It will be observed that the Kansas supreme court had before it a sidewalk tax case. We think, for reasons which we shall now proceed to give, there is a stronger reason for holding that irrigation district taxes should fall within, and be governed by, the section pertaining to conveyances than sidewalk taxes. Our irrigation district act is modeled upon, and is substantially similar to, the California Wright Irrigation District Act of 1887, and in all substantial particulars is the same as the California statute. — Anderson v. Grand Valley Ir. Dis., 35 Colo., 527, 85 Pac., 313.
In adopting the act of California, we adopted the construction which the courts of that state had theretofore placed upon it. The supreme court of California has frequently ruled that an irrigation district created under its act was a public corporation. — Turlock Ir. Dis. *380 v. Williams, 76 Cal., 360, 18 Pac., 379; Central Ir. Dis. v. De Lappe, 79 Cal., 351, 21 Pac., 825; Crall v. Poso Irr. Dist., 87 Cal., 140, 26 Pac., 797; In re Bonds, of Madera, 92 Cal., 296, 28 Pac., 272, 675, 14 L. R. A., 755, 27 Am. St. Rep., 106; People v. Turnbull, 93 Cal., 630, 29 Pac., 224.
The supreme court of Nebraska appears to have taken a similar view. See Board of Birectors of the Alfalfa Ir. Bis. v. Collins, 46 Neb., 411, 64 N. W., 1086.
The United States supreme court has followed the ruling of the California supreme court. See Fallbrook Ir. Dis. v. Bradley, 164 U. S., 122-159, 41 L. Ed., 369, 17 Sup. Ct., 56.
Other courts, under corporations organized for a somewhat similar purpose, are in accord with the views of the California court. — Mound City L. Co. v. Miller, 170 Mo., 240, 70 S. W., 721, 60 L. R. A., 190, 94 Am. St., 727; Weil’s Water Rights (2nd ed.), sec. 429.
If these irrigation districts, when formed, are public corporations as the California court had ruled, for reasons clearly pointed out by Mr. Wiel in his work, at the section above indicated, then the taxes levied under them, or by virtue of the statute creating them, are public, and fall within the purposes of our general revenue bill, as expressed in the first section thereof, which reads:
“That for the support of the government of the state, and the payment of the public debt, and the advancement of the public interest, taxes shall be levied as hereinafter provided.”
3. Counsel for plaintiff in error contend that taxes levied under the irrigation district act are special, and not general, taxes. Indeed, the act itself so designates them, the last sentence of sec. 3459, R. S., reading:
“All taxes levied under this act are special taxes.”
But special taxes may be, and frequently are, public taxes as well; that is, taxes levied for a public purpose. *381 And frequently the term “special” is used simply as a designation, or for the purposes of classification. Our school tax is denominated a special tax, but it cannot be contended that the school tax is not a public tax. ' The authority for levying the special irrigation district tax is the same as the authority for levying the general public revenue tax, i. e., it proceeds from the same source.
“Taxes are pecuniary charges imposed by the legislative power of the state on property to raise money for public purposes, and are not confined exclusively to support of the government. The term ‘tax’ includes money raised for public purposes in general, whether government or not.” — Davidson v. Ramsey Co., 18 Minn., 482.
“The distinction which has sometimes been attempted to be made between assessments for local improvements of this character [street improvements] and taxes does not, rest upon any sound foundation, and seems to have led to much confusion.- An assessment for the paving of an avenue constitutes a tax.” — Lefevre v. City of Detroit, 2 Mich., 586.
“The word ‘taxes’ as used in an offer to sell prop1 érty at a certain sum, net, free of all commissions, taxes, etc., includes special assessments.” — Gibbs v. People’s Natl. Bank, 198 Ill., 307, 64 N. E., 1060; Hagertown v. Starzman, 93 Md., 606, 49 Atl., 838; Cassidy v. Hammer, 62 la., 359, 17 N. W., 588.
Finally, the language of section 5703, which we are asked to construe, uses the word “taxes” without any limitation thereon. If it had been the intention of the legislature, as counsel for plaintiff in error insist it was, to limit the application of that, section to the character of taxes provided for in the General Revenue Act, of which section 5703 is a part, it is reasonable to believe that the legislature would have so indicated by apt lan-guage. Not having so limited its application, we do not *382 feel warranted in reading into the statute, by.judicial construction, a limitation not therein appearing, either in express terms, or, as we think, by reasonable implication.

Judgment Affirmed.